UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>    Defendants. | Case No. 18-cv-05707-JSC<br><br>**ORDER TO DISMISS**<br>Re: Dkt. No. 6 |

Plaintiff Jacqueline Williams alleges that the State of California, County of Alameda, the Board of Supervisors of Alameda County, Alameda Social Services Agency, the Director of the Alameda Social Services Agency, "VDIS worker", and "K. Castro, worker" (collectively "Defendants") discriminated against her on the basis of race and violated a contract regarding the provision of CalFresh and Medi-Cal services. As a preliminary matter, the Court must review Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2). (Dkt. No. 6.) Based on this review, the Court DISMISSES the Amended Complaint with leave to amend because Plaintiff has (1) failed to state a claim upon which relief can be granted, (2) not sufficiently identified one of the defendants, (3) not stated a request for relief, and (4) not demonstrated compliance with the California Government Tort Claims Act.

**BACKGROUND**

**A.    Allegations of the Amended Complaint**

Since at least 2015, Plaintiff has had ongoing issues with Defendants regarding her CalFresh and Medi-Cal benefits. Plaintiff's CalFresh benefits have not been recertified, though it is unclear when that first occurred. (Dkt No. 6, Amended Complaint ¶ 7.) Defendants have "violated plaintiff['s] rights and the terms and condition of [her] contract" for those benefits

because she is African-American. (*Id.* at ¶ 5.) The County of Alameda engages in a racially "discriminatory pattern," making promises that it does not keep. (*Id.* at ¶ 9.) The Alameda Social Services Agency "impaired an existing contractual relationship for legal services" when it did not properly investigate Plaintiff's case or contact her. (*Id.* at ¶¶ 6 & 8.) The Alameda Social Services Agency "was dismissive and disrespectful" to Plaintiff. (Id. at ¶ 11.)

Plaintiff has also had ongoing conflict with VDIS and K. Castro, two Alameda County workers. Each has disrespected Plaintiff, not her returned calls, and failed to address her concerns. (*Id.*) In addition, VDIS subjected Plaintiff to "stereotyping treatment." (*Id.* at ¶ 9.) K. Castro has also periodically been dishonest with Plaintiff. (*Id.* at ¶ 5.) Plaintiff has repeatedly requested that the two workers not contact her, and VDIS was removed from Plaintiff's case in 2015. (*Id.* at ¶¶ 8-9.) At least one Defendant referred to African-Americans using a racial slur, but it is unclear which Defendant did so. (*Id.* at ¶ 14.)

### B. Procedural Background

Plaintiff filed her original Complaint and a motion for leave to proceed in forma pauperis on September 18, 2018. (Dkt. Nos. 1 & 2.) The Court issued an order granting the motion to proceed in forma pauperis. (Dkt. No. 4.) Plaintiff then filed an Amended Complaint on October 2, 2018. (Dkt. No. 6.)

## LEGAL STANDARD

The Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis upon a determination that the case is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard of review for a Section 1915 screening mirrors that of Rule 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citations omitted). Thus, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability

2

requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). To avoid dismissal, a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When a plaintiff files a complaint pro se, the court must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks and citation omitted). Upon dismissal, pro se plaintiffs proceeding in forma pauperis must be given leave to "to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (internal quotation marks and citation omitted). However, "the general rule is that an amended complaint supercedes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, a pro se plaintiff's amended complaint must be sufficient on its own, without relying upon the original complaint.

**DISCUSSION**

The Complaint sufficiently establishes that the Court has subject matter jurisdiction[1] and personal jurisdiction over Defendants.[2] However, Plaintiff has not alleged that she has complied with the California Government Tort Claims Act. Plaintiff has also failed to sufficiently plead

---

[1] The Court has federal question jurisdiction because Plaintiff's racial discrimination claim is based on 42 U.S.C. § 1981. 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claims because they arise out of the same controversy. *Id.* § 1367.

[2] "Where, as here, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. The Court has personal jurisdiction over the defendants because they are government agencies and employees located within the Northern District of California and the alleged injuries occurred in Oakland, California.

3

1 each of the claims. Furthermore, Plaintiff has not sufficiently identified VDIS so that the Court
2 may serve the Complaint and Summons. Finally, despite that the Amended Complaint focuses
3 heavily on Plaintiff's CalFresh and Medi-Cal benefits, Plaintiff has not stated a request for
4 monetary relief.

## I. None of the Claims are Sufficiently Pleaded

The Plaintiff has not sufficiently pleaded any of her claims. However, Plaintiff's claims for racial discrimination, negligence, Title VII, and breach of contract may be remedied by providing factual allegations. Plaintiff must also clarify why any of the defendants would be liable for a claim under 42 U.S.C. § 1918 or the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51 & 52.

### A. Racial Discrimination (42 U.S.C. § 1981)

The federal statute prohibiting racial discrimination provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). The statute also provides that the same rights "are protected against impairment by nongovernmental discrimination and impairment under color of State law." *Id.* § 1981(c). "To state a claim pursuant to section 1981, a plaintiff must allege (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute." *Keum v. Virgin America Inc.*, 781 F. Supp. 2d 944, 954 (N.D. Cal. 2011) (citation omitted). Furthermore, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d; *see also* 7 U.S.C. § 2020(c)(2)(D) (requiring States to comply with 42 U.S.C. § 2000d in administering the supplemental nutrition assistance program ("SNAP")).

Plaintiff is African-American, a racial minority. (Dkt. No. 6 at ¶ 5.) Plaintiff alleges that

the discrimination at issue concerns her CalFresh (a SNAP program) and Medi-Cal benefits, which are provided under state and federal law. (*Id.* at ¶¶ 5, 7-8, 12.) However, Plaintiff merely provides a conclusory allegation that Defendants "violated plaintiff rights and the terms and conditions of plaintiff contract . . . because plaintiff is African-American." (*Id.* at ¶ 5.) The Amended Complaint does not include factual allegations connecting an intent to discriminate based on Plaintiff's race with Plaintiff's procurement of government benefits. Similarly, Plaintiff alleges that Alameda County Social Services failed to conduct a proper investigation and impaired a contract for legal services because of racially discriminatory intent, but provides no supporting facts. (*Id.* at ¶ 8.) Finally, while Plaintiff alleges that Defendants made changes to her CalFresh and Medi-Cal benefits and that her CalFresh benefits were not renewed, she has not alleged facts to show that it was the result of discrimination or that Defendants had intent to discriminate because of her race. (*Id.* at ¶¶ 7-8.) The only fact that supports Plaintiff's claim is that one or more of the Defendants referenced African-Americans using a racial slur, but she does not identify which Defendant did this or allege how it relates to her CalFresh and Medi-Cal benefits. (*Id.* at ¶ 14.)

Plaintiff must allege sufficient facts so that the Court may draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The racial discrimination claim is therefore dismissed with leave to amend.

**B.     Negligence; Wanton and Willful Negligence**

The Amended Complaint lists "Negligence and Wonton [sic] Negligence" as claims. Under California law, "[a] plaintiff in a negligence suit must demonstrate a legal duty to use due care, a breach of such legal duty, and the breach as the proximate or legal cause of the resulting injury." *Vasilenko v. Grace Family Church*, 3 Cal. 5th 1077, 1083 (2017) (internal quotation marks and citations omitted). Wanton and willful negligence "involves no intention . . . to do harm, and if [sic] differs from negligence in that it does involve an intention to perform an act that the actor knows, or should know, will very probably cause harm." *Donnelly v. S. Pac. Co.*, 18 Cal. 2d 863, 869 (1941) (citations omitted). California law also recognizes that a negligent breach of contract may also give rise to a tort claim:

5

> [W]here the "negligent" performance of a contract amounts to nothing more than a *failure* to perform the express terms of the contract, the claim is one for contract breach, not negligence. However, . . . California has also recognized the fundamental principle that [a]ccompanying every contract is a common-law duty to perform with care, skill, reasonable expedience, and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a tort, as well as a breach of the contract. The rule which imposes this duty is of universal application as to all persons who by contract undertake professional or other business engagements requiring the exercise of care, skill and knowledge; the obligation is implied by law and need not be stated in the agreement.

*N. Am. Chem. Co. v. Superior Court*, 59 Cal. App. 4th 764, 774 (2d Dist. 1974) (emphasis in original) (citations omitted). Finally, "[h]arm is an essential element to negligence actions. Mere threat of future harm, not yet realized, is not enough. . . . No action will lie to recover damages if no damages have been sustained." *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 597 (1970) (citation omitted).

The Amended Complaint does not address the elements of either form of negligence, nor does it contain factual allegations that support negligence claims. The Amended Complaint does indicate that Alameda County Social Services had a contract with Plaintiff regarding CalFresh and Medi-Cal benefits. (Dkt. No. 6 at ¶ 5.) However, Plaintiff does not identify a breach of duty or connect such breach to a resulting harm, so the Court cannot infer the basis for a negligence claim. Therefore, the Court dismisses this claim with leave to amend.

### C. Title VII

The caption of the Amended Complaint includes "Title VII" but does not cite to a particular statute. The body of the Amended Complaint does not contain any further information, so it is unclear which law the claim refers to. Assuming that Plaintiff refers to Title VII of the Civil Rights Act of 1964 ("Title VII"), then the claim may be remedied by amendment. *See* 42 U.S.C. §§ 2000e, *et seq.* Title VII prohibits forms of employment discrimination, such as discriminatory "compensation, terms, conditions, or privileges of employment" on the basis of "race, color, religion, sex, or national origin." *Id.* § 2000e-2(a)(1). Title VII also provides for a private cause of action. *See id.* § 2000e-5. Plaintiffs bringing a Title VII claim do not need to plead a prima facie case in order to avoid dismissal, but the complaint must still satisfy the

standard set by Fed. R. Civ. Proc. 8. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510-15 (2002).

The Amended Complaint does not contain sufficient facts to support a claim of employment discrimination. Plaintiff does not allege that she is an employee or that any of the Defendants are her current or former employer. Although Plaintiff alleges that she suffered discrimination by Defendants, none of the facts suggest that any of those instances occurred in the context of employment; rather, Plaintiff alleges that they occurred while she was attempting to renew her CalFresh and Medi-Cal benefits. (Dkt. No. 6 at ¶¶ 5, 7-14.) Accordingly, Plaintiff's Title VII claim is dismissed with leave to amend.

### D. Breach of Contract

Under California law, a breach of contract claim has four elements: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (2d Dist. 1990) (citation omitted). The essential elements of a contract are "1. Parties capable of contracting; 2. Their consent; 3. A lawful object; and, 4. A sufficient cause or consideration." Cal. Civ. Code § 1550. Consent may be demonstrated by performance. *See id.* § 1583. The lawful object is the "thing which it is agreed, on the part of the party receiving the consideration, to do or not to do." *Id.* § 1595. Consideration is the "benefit conferred . . . to which the promisor is not lawfully entitled[.]" *Id.* § 1605.

Plaintiff has not sufficiently pleaded that there was a contract. Plaintiff alleges that Defendants "violated plaintiff rights and the terms and conditions of plaintiff contract with Alameda County Social Services Calfresh and Med-cal services[.]" (Dkt. No. 6 at ¶ 5.) Although that allegation sufficiently identifies the parties to, and the lawful object of a contract, it fails to demonstrate consent or consideration. The Amended Complaint does not include factual allegations to show that the parties consented to the contract either through performance or otherwise. Plaintiff identifies that the CalFresh and Medi-Cal services were part of the contract, however, she does not allege what she was required to do or provide in exchange for those services. (*Id.*) Other information, such as effective dates of the contract, could put Defendants on notice regarding what contract is at issue, but the Amended Complaint does not include additional

7

1 details.

Furthermore, the Amended Complaint does not include sufficient facts to plausibly show a breach of a contract. Instead, it consists of conclusory statements that Defendants violated "terms and conditions" of a CalFresh or Medi-Cal contract without further detail. (*Id.*) Plaintiff has neither alleged that she performed as required by the contract nor identified the terms that Defendants breached. Plaintiff has alleged multiple injuries (e.g., benefits were not recertified, changes "concerning CalFresh and Medical") in the Amended Complaint, but Plaintiff has not alleged any connection to any breach of contract by Defendants. (*Id.* at ¶¶ 7-8.)

Because Plaintiff fails to allege sufficient facts for the Court to plausibly infer the existence of a contract or that Defendants breached that contract, the breach of contract claim is dismissed with leave to amend.

### E. 42 U.S.C. § 1918

The caption of the Amended Complaint includes a citation to 42 U.S.C. § 1918. Section 1918 previously imposed personnel standards related to the establishment of the United States Employment Service. That section was subsequently transferred to 29 U.S.C. § 49n and then omitted from the current version of the United States Code.

This citation is most likely a typographical error. The original statute did not provide for a private cause of action and has been omitted from the current United States Code. Thus, Plaintiff does not have a claim under 42 U.S.C. § 1918. This claim is dismissed with leave to amend.

### F. California Unruh Civil Rights Act (Cal. Civ. Code §§ 51 & 52)

Plaintiff lists the Unruh Civil Rights Act ("Unruh Act") as a basis for jurisdiction. (Dkt. No. 6 at ¶ 2.) Notwithstanding that the Unruh Act is a state, not federal law, only "business establishments" are subject to the Act:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services *in all business establishments of every kind whatsoever*.

Cal. Civ. Code § 51(b) (emphasis added). Relevant factors to determine whether a defendant is a

"business establishment" subject to the Unruh Act include:

> 1. what, if any, business benefits one may derive from membership; 2. the number and nature of paid staff; 3. whether the organization has physical facilities, and if so, whether those facilities are incidental to the purposes and programs of the organization; 4. what are the purposes and activities of the organization; 5. the extent to which the organization is open to the public; 6. whether there are any fees or dues for participation or membership, and if so, what percentage of those involved in the organization pay them; and 7. the nature of the organization's structure.

*Harris v. Mothers Against Drunk Driving*, 40 Cal. App. 4th 16, 20 (2d Dist. 1995). "An organization has sufficient businesslike attributes to qualify as a business establishment when it appears to have been operating in a capacity that is the functional equivalent of a commercial enterprise." *Carter v. City of Los Angeles*, 224 Cal. App. 4th 808, 825 (2d Dist. 2014) (internal quotation marks and citations omitted) (noting that a city acts as a public servant, not a commercial enterprise, when it provides sidewalks and curbs to its citizens). Several California courts have held that the act does not apply to government entities because they are not "business establishments." *See Burnett v. San Francisco Police Dep't*, 36 Cal. App. 4th 1177, 1191-92 (1st Dist. 1995) (holding that the Unruh Act does not apply to legislative bodies); *Qualified Patients Assn. v. City of Anaheim*, 187 Cal. App. 4th 734, 763-64 (4th Dist. 2010) (holding that enacting legislation does not convert a government entity into a "business establishment" for purposes of the act); *Harrison v. City of Rancho Mirage*, 243 Cal. App. 4th 162, 175-76 (4th Dist. 2015) (holding that a city is not a "business establishment" for purposes of the act); *see also Romstad v. Contra Costa Cnty.*, 41 Fed. App'x. 43, 46 (9th Cir. 2002) (holding that the district court did not err when it found that the California Department of Social Services is not a "business establishment" for purposes of the act).

The State of California, County of Alameda, the Board of Supervisors of Alameda County, and Alameda Social Services Agency (the "government entities") are not "business establishments" in general because the nature, purpose, and structure of each entity are that of a public servant. Specifically, the CalFresh and Medi-Cal programs do not confer business benefits to the government entities, their employees, or the program beneficiaries; they instead provide food stipends and health insurance to low-income Californians. The programs are not commercial

1    enterprises: neither program has a profit-based goal or requires an application fee or membership

2    fee. Government employees, such as VDIS and K. Castro, are generally considered public

3    servants when they perform their duties. Each factor indicates that the Unruh Act does not apply

4    to the Defendants.

5        The Unruh Act does not extend to government entities or their employees with respect to

6    renewing enrollment in benefits programs. Therefore, Plaintiff's barebones reference to a claim

7    under the Unruh Act is dismissed.

## II. The Amended Complaint Does Not Sufficiently Identify Defendants

    When a plaintiff proceeds in forma pauperis, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. Proc. 4(c)(3). At minimum, the court needs names and last-known contact information in order to perform these duties. "It is Plaintiff's responsibility to identify the defendants named in his complaint." *Underwood v. Knowles*, No. 1:08–cv–00986–GSA–PC, 2010 WL 4318911, at *2 (E.D. Cal. Oct. 25, 2010) (ordering pro se plaintiff to provide defendants' full names and addresses, or alternative names and contact information, for service of process). When a complaint includes multiple defendants and claims, it should connect each defendant's conduct with the appropriate claims so that the Court may determine whether or not it can infer liability for the conduct alleged. *See Iqbal*, 556 U.S. at 67 ("plaintiff [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *see also McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (noting that a pleading should contain "clear and concise averments stating which defendants are liable to plaintiffs for which wrongs" in order to satisfy Rule 8); *Fleming v. Cigan Health Corp.*, No. 15-cv-04646-EMC, 2016 WL 868234, at *1 (N.D. Cal. Mar. 4, 2016) (dismissing pro se complaint with leave to amend partly so the plaintiff could identify which causes of action were brought against which defendants and how each defendant engaged in the conduct that is the basis for the claims).

    The Amended Complaint identifies "VDIS worker" as one of the defendants, but does not provide a full name or contact information. (Dkt. No. 6 at ¶ 1(b).) It is unclear from the Complaint whether "VDIS" is a person's initials or if it is a group or agency. Plaintiff does allege

that VDIS is a "worker of Alameda County" and did not accept telephone calls from Plaintiff. (*Id.* at ¶¶ 5 & 9.) This suggests that Plaintiff has at least a last-known phone number for VDIS and may be able identify which government entity employed VDIS, which would provide the Court with an address. Plaintiff does provide an address for Alameda County Social Services at "1221 Oak Street, Oakland, Suite 200, Ca. 94612," but Plaintiff does not allege that VDIS works for that agency or that VDIS can be found at that address. (*Id.* at ¶ 1.)

The Amended Complaint also fails to coherently connect each of the named defendants to each claim. As stated above, the Amended Complaint does include multiple conclusory allegations that Plaintiff suffered racial discrimination by Defendants, but provides no supporting facts. (Dkt. No. 6 at ¶¶ 5, 8, 10-14.) The Amended Complaint does not include any facts implicating any of Defendant in a negligence claim, a Title VII violation, a 42 U.S.C. § 1981 violation, or an Unruh Act violation. Finally, although Plaintiff clearly alleges that VDIS and K. Castro violated a contract, she does not allege the actual conduct that caused the breach or the resulting harm. (*Id.* at ¶ 5.)

A complaint should provide sufficient information so the Court can serve the defendants. It must also identify "which defendants are liable to plaintiffs for which wrongs." *McHenry*, 84 F.3d at 1178. Thus, the complaint is dismissed with leave to amend so that Plaintiff may provide identifying information regarding Defendant VDIS and clarify which defendants are implicated in which claims.

### III. Plaintiff Has Not Stated a Request for Relief

A complaint must include a demand for relief sought. Fed. R. Civ. Proc. 8(a)(3). Furthermore, the Court must also evaluate whether the Plaintiff "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915.

The Amended Complaint only includes requests that the Court "ask defendants not to call plaintiff at all" and to stop "this vicious and cruel punishment" that Plaintiff has endured. (Dkt. No. 6 at ¶¶ 5 & 8.) While the two requests could be interpreted as a request for injunctive relief, it is unclear whether Plaintiff seeks such relief against all Defendants. Furthermore, the Amended Complaint makes no mention of monetary or procedural relief regarding Plaintiff's CalFresh or

11

1 Medi-Cal benefits.

2 The Court could proceed as though Plaintiff has only sought injunctive relief, but that would not be consistent with the instruction to interpret pleadings liberally and provide pro se plaintiffs with the "benefit of any doubt." *Hebbe*, 627 F.3d at 342. If Plaintiff simply made an error of omission, then she should be permitted to rectify the issue at the same time as the other pleading deficiencies. Therefore, the Court dismisses the Amended Complaint with leave to amend so that Plaintiff may clarify the remedies she seeks.

**IV. Plaintiff Has Not Complied with the California Government Tort Claims Act (Cal. Gov. Code §§ 810-996.6)**

To the extent Plaintiff amends her complaint to include a demand for monetary damages, the Court notes that she has not alleged that she complied with the California Government Tort Claims Act. The Act provides, with some exceptions, that "no suit for money or damages may be brought against a public entity . . . until a written claim therefor has been presented to the public entity and has been acted upon [or rejected] by the board[.]" Cal. Gov. Code § 945.4; *see also* § 940.4 (defining counties and public agencies as local public entities); § 905 (listing some exceptions, e.g., claims under the California tax code). The California Supreme Court has stated:

> The purpose of these statutes is to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation. Consequently, a claim need not contain the detail and specificity required of a pleading, but need only fairly describe what [the] entity is alleged to have done.

*Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 446 (2004) (internal quotation marks and citations omitted) (alteration in original). Therefore, a complaint filed in court against a public entity "must allege facts demonstrating or excusing compliance with the claim presentation requirement." *State of California v. Superior Court*, 32 Cal. 4th 1234, 1243 (2004). However, this requirement does not extend to claims against government employees for acts or omissions within the scope of their employment. Cal. Gov. Code § 950.

In this case, the Amended Complaint does not allege that Plaintiff has complied with the Government Tort Claims Act. If Plaintiff has not satisfied this requirement, all claims for

12

monetary damages against the public entity Defendants are barred. Therefore, any further amended complaint that seeks damages must allege that Plaintiff has complied with the Government Tort Claims Act or provide facts plausibly excusing her compliance.

## CONCLUSION

For the reasons stated above, the Court DISMISSES the Amended Complaint with leave to amend. Any amended complaint must be filed by November 30, 2018. Plaintiff is warned that here failure to file an amended complaint by this date may lead to a recommendation that her complaint be dismissed with prejudice.

The Court encourages Plaintiff to seek free assistance from the Northern District's Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102. Plaintiff can make an appointment in person or by calling (415) 782-8982.

**IT IS SO ORDERED.**

Dated: October 30, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge